# Linker *v.* Central Trust & Savings Co., Appellant.

*Principal and guaranty—Building contract—Inspection of work by guarantor.*

Where a corporation agrees to guarantee the payment for cement work on a building operation furnished to the general contractor the guarantor cannot assert that it is relieved of liability because of a departure from the specifications in the building contract, where it appears that it had assented to the changes, and that from time to time its inspector had certified that the work had been properly done in accordance with the plans and specification, and that the amount named in the certificate was due, and such certificates had been approved by the corporation.

Argued Dec. 15, 1916. Appeal, No. 349, Oct. T., 1916, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1913, No. 3764, on verdict for plaintiff in case of William Linker, Louis H. Losse and Benjamin Linker, late trading as Linker-Losse Company v. Central Trust & Savings Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Assumpsit on a guaranty to pay for cement work furnished to a building operation.   Before McMichael, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $900.   Defendant appealed.

*Error assigned,* amongst others, was in refusing motion for judgment n. o. v.

*Edward Hopkinson, Jr.,* with him *Abraham M. Beitler,* for appellant, cited: Pressy v. McCornack, 235 Pa. 443; Smyers v. Zmitrovitch, 55 Pa. Superior Ct. 440; Gillespie Tool Co. v. Wilson, 123 Pa. 19.

*Wayne P. Rambo,* with him *Robert Mair* and *Ormond Rambo,* for appellee.

· Opinion by Kephart, J., March 16, 1917:

This action was brought on the defendant's agreement to guarantee the payment of certain sums of money due to the plaintiff on its contract with S. W. Hahn, for cement work on a building operation at Sixtieth street and Chestnut avenue, Philadelphia. The defendant seeks to evade liability because of certain changes in the defendant's work, contrary to the plans and specifications. The guarantee contract provided that the defendant was to pay "in accordance with the terms of a certain contract in writing......upon vouchers signed by the said S. W. Hahn and upon approval of the said work by this company." The original contract bore date of February 27, 1911, and the contract sued on of November 8, 1911. It is the plaintiff's contention that whatever changes were made in the written contract were made by agreement of the parties then interested, and the defendant's contract of November 8, 1911, must be considered as embodying the contract of February 27, 1911, in its modi-

fied and changed form. The evidence supports this view of the case. The changes complained of were discussed with the trust company's officers and the appellee, prior to the agreement of November 8, 1911. The defendant saw the work and knew its condition before its contract of guarantee was given. Furthermore, it may fairly be inferred from Linker's testimony that the change affected all the streets and the yard. It appears that a contractor had been employed to grade the streets, in connection with the operation, to the city's established level. An error had been made in the survey and the streets were not graded to this line. When the plaintiff proceeded to execute its contract, it found the streets above the level of the grade. Although not required by any fair reading of its contract with Hahn, it did excavate some thirty inches below the then level of the street and proceeded to fill with cinder as required by its contract. It was discovered that the required twelve inches of cinder could not be placed, unless the sidewalk was raised above the level of the city grade, or the excavation made deeper. Plaintiff declined to do this. The owner and parties interested did not want to incur any more expense on this account. It was then agreed to narrow the cement walk or strip on the sidewalk, do some extra cement work to make up for this narrow width, and the sidewalk was to be laid on the cinder as then placed. The defendant's inspector visited the work every two weeks, made an examination of it as it progressed, and issued certificates upon which payment was based. Some of these certificates read: "Account cement work on operation 60th and Chester avenue, $100. I hereby certify that the above work has been properly done and in accordance with the plans and specifications, and that the above amount is due." The defendant could not approve vouchers and make such certificates, and then after securing the benefit of the completed work, make a defense that the plaintiff is not entitled to anything because of a departure from the specifications. These vouchers were some evi-

dence that the work performed prior to their issuance was of the same general character as that approved, and in accordance with the plans and specifications as modified. The certificates were therefore written evidence to support the appellee's theory that when the contract of November 8, 1911, was made, the February 27, 1911, contract was accepted in its changed condition.

The case does not exactly present a question of the inspector's power. Approval of the vouchers in the form outlined would amount to a ratification of his supposed authority were it in issue. He was the company's representative and what he saw the company was supposed to then know, and it would be charged with full knowledge thereof. It cannot at this time question either the inspector's acts or its own acts in approving as correct what it now urges was a manifest wrong.

We do not consider the reduction of the claim by the jury as materially affecting the proposition. The amount sued for was slightly in excess of the deferred payment of $800, and it may be possible that the jury considered the appellee not entitled to any interest. Upon the evidence thus presented, there was but one question before the court: Did the plaintiff substantially perform the written contract as modified? If the original contract had not been altered, the plaintiff's work would not have been a substantial performance of that contract, and it would have been the duty of the court to so declare as a matter of law, but the oral and written testimony places these matters clearly before the jury. Nor do we consider the release of surety as material in view of the facts found by the jury and here discussed. The question would be serious if the written contract, in an unchanged form, still existed. When the inspector went on the work and certified to it, his action, approved by the defendant, was an approval of the work, and as to the balance sued for, considering the appellee's evidence, the defendant's fifth point covers the law applicable thereto.

The assignments of error are overruled and the judgment is affirmed.